1
2
3
4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

| LING CAI, individually; SING XU, individually; ZHIYUAN XU, a minor, by and through his Natural Parent, JING XU; JENNIFER EDWARDS as Special Administrator of the ESTATE OF ZHONGPING ZHOU, deceased;, | Case No. 2:23-cv-00050-ART-NJK |
| :--- | :--- |
| Plaintiffs, | ORDER |
| v. | |
| ENTERPRISE LEASING COMPANY-WEST LLC dba ENTERPRISE/ELCO; ENTERPRISE LEASING COMPANY-WEST LLC dba ALAMO; ELCO ADMINISTRATIVE SERVICES COMPANY; ACE AMERICAN INSURANCE COMPANY; ESIS INC, dba CHUBB NORTH AMERICAN CLAIMS; CHUBB SERVICES CORPORATION dba CHUBB NORTH AMERICAN CLAIMS; CHUBB NATIONAL INSURANCE COMPANY; AND CHUBB INDEMNITY INSURANCE COMPANY; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

20
21
22
23
24
25
26
27
28

This is a removal action concerning automobile insurance. Before the Court are: 1) ACE Defendants' Motion to Dismiss (ECF No. 4); 2) Enterprise Defendants' Motion to Dismiss (ECF No. 6); 3) Plaintiffs' Motion to File a Second Amended Complaint (ECF No. 16); and 4) Enterprise Defendants' Motion to File a Surreply in Support of Their Opposition to Plaintiffs' Motion to File a Second Amended Complaint (ECF No. 28). For the reasons set forth in this order, Plaintiff's Motion to File a Second Amended Complaint, (ECF No. 16), is granted, Defendants' Motions to Dismiss are denied without prejudice (ECF Nos. 4 and 6), and Enterprise Defendants' Motion to File a Surreply, (ECF No. 28), is denied as moot.

## I.    BACKGROUND

Plaintiffs' actions arose from a motor vehicle accident allegedly caused by Jiaoping Xu ("Jiaoping") making an unsafe left-hand turn into traffic on Highway 160 in Las Vegas, Nevada on October 10, 2015. (ECF No. 1-1, at ¶¶ 9, 17-19). Plaintiffs were the other passengers in the car; Zhongping Zhou ("Zhongping"), Jiaoping's wife, died in the accident, and the other Plaintiffs received severe injuries. *Id.* at ¶ 17, 19. Plaintiffs include Ling Cai ("Ling"), Jiaoping's adult son, Jing Xu ("Jing"), Ling's wife and mother of Zhiyuan Xu, a minor, Zhiyuan Xu (Zhiyuan), and Jennifer Edwards, Special Administrator of Zhongping's Estate. *Id.* at ¶¶ 2-5. At the time of the accident, Jiaoping had been driving a rental vehicle registered to the "Enterprise Defendants" (Enterprise Leasing Company-West LLC dba Enterprise/ELCO; Enterprise Leasing Company-West LLC dba Alamo; and Elco Administrative Services Company) and insured through an Extended Protection insurance policy underwritten and managed by "ACE Defendants" (ACE America Insurance Company; ESIS Inc., dba Chubb North American Claims; Chubb Services Corporation dba Chubb North American Claims; Chubb National Insurance Company; and Chubb Indemnity Insurance Company). *Id.* at ¶¶ 17, 20-23. On October 12, 2016, and December 14, 2016, Chubb "denied and disclaimed the policy due to language in the policy which excluded coverage to any person who is related to any insurer by blood, marriage, or adoption and residing in the same household." *Id.* at ¶¶ 26-27, 30.

Plaintiffs sued Jiaoping in 2017 for negligence and received a default judgment in 2021, which included judicial assignment of Jiaoping's legal rights against the Enterprise Defendants and ACE Defendants. *Id.* at ¶¶ 31-34, 36-37, 40-41). Plaintiffs filed this action in the Eighth Judicial District Court of Clark County, Nevada before the Enterprise Defendants removed it to federal court. (ECF No. 1.)

After ACE Defendants and Enterprise Defendants moved to dismiss (ECF

Nos. 4 and 6, respectively), Plaintiffs simultaneously opposed Defendants' motions (ECF No. 15) and moved for leave to file a second amended complaint (ECF No. 16). In the Second Amended Complaint ("SAC"), Plaintiffs added two claims, including third-party beneficiary claims and a declaratory judgment claim, and related factual allegations. (ECF No. 15 at 10-11; ECF No. 16). Defendants opposed the amendment (ECF Nos. 22, 23) and Enterprise Defendants subsequently moved to file a surreply (ECF No. 28), to which Plaintiffs objected, (ECF No. 29).

## II.    DISCUSSION

Although Defendants oppose Plaintiffs' request for leave to file a Second Amended Complaint ("SAC"), there is a strong policy favoring granting leave to amend and amendment appears to be justified here. Rule 15(a)(2) of the Federal Rules of Civil Procedure dictates that in ruling on pre-trial amendments district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy favoring amendment is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Courts should grant requests to make amendments "subject to the qualification that the amendment no cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade,* 198 F.3d 752,757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

ACE Defendants argue that Plaintiffs' motion should be denied because they violated Nevada Local Rule 7-2 (LR 7-2(a)) by incorporating instead of stating arguments made in their simultaneously filed Opposition to Defendants' Motion to Dismiss. (ECF No. 23, at 2-3.) Plaintiffs' Motion for Leave to Amend did not violate LR 7-2(a), which simply requires parties to support motions with "a

memorandum of points and authorities" and to combine the motion and supporting memorandum "into a single document," but does not prohibit incorporation of arguments made in other pleadings. Plaintiffs' motion attached the SAC and specifically identified the portion of their brief detailing the standard for amendment and their reasons with legal support for adding third-party beneficiary and declaratory relief claims. (ECF Nos. 15 and 16.)

Defendants also argue that Plaintiffs new claims for third-party beneficiary and declaratory relief are "futile" but fail to meet the high standard for disallowing amendment. Enterprise Defendants argue the claims are futile because 1) they are time-barred; 2) the Plaintiffs lack standing to assert third-party beneficiary claims; and 3) declaratory judgment is not an independent cause of action. (ECF No. 22, at 5-8). ACE Defendants make the same argument on declaratory judgments (ECF No. 23, at 3-4.) Plaintiffs have sufficiently articulated why their claims are valid and Defendants' points, which can be addressed by dispositive motions, fail to show that Plaintiffs added claims are futile.

Because Plaintiffs have alleged potentially "valid and sufficient" claims and absent any concern about undue prejudice or bad faith, the Court grants Plaintiffs leave to file a second amended complaint.

### III.   CONCLUSION

For the reasons stated, Plaintiffs' motion for leave to file a second amended complaint, (ECF No. 16) is granted.

It is further ordered that, in light of the Court's granting of Plaintiffs' Motion for Leave to Amend, Defendants' Motions to Dismiss (ECF Nos. 4, 6) are denied without prejudice as moot with leave to refile.

Enterprise Defendants' Motion to File a Surreply (ECF No. 28) is denied as moot.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED THIS 31st day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE