UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LING CAI, et al.,<br><br>     Plaintiff(s),<br><br>v.<br><br>ENTERPRISE LEASING COMPANY-<br>WEST LLC, et al.,<br><br>     Defendant(s). | Case No. 2:23-cv-00050-NJK<br><br>**ORDER**<br><br>[Docket No. 39] |

Pending before the Court is the motion to dismiss for failure to state a claim brought by the ACE American Insurance Defendants. Docket No. 39.[1] Plaintiffs filed a response in opposition. Docket No. 40. The ACE Defendants filed a reply. Docket No. 41.[2] The parties have consented to the undersigned magistrate judge presiding over this case. *See* Docket No. 53; *see also* Fed. R. Civ. P. 73. The motion to dismiss is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

I.  **BACKGROUND**

This is an insurance case arising out of an automobile accident involving a rental car. *See* Docket No. 35 at ¶¶ 14-22. Insurance coverage for that accident was denied. *Id.* at ¶¶ 23-40.[3] Plaintiffs brought suit originally in state court, and the case was removed on diversity grounds.

---

[1] The movants are ACE American Insurance Company; ESIS Inc, dba Chubb North American Claims; Chubb Services Corporation dba Chubb North American Claims; Chubb National Insurance Company; and Chubb Indemnity Insurance Company.

[2] The ACE Defendants' briefing routinely omits pin-citations for the legal authority cited. Counsel must ensure moving forward that specific pages are identified. *See* Local Rule IA 7-3(b).

[3] A more fulsome factual background has been provided elsewhere, Docket No. 32 at 2, and the parties are familiar with the facts. So, the Court will not provide a detailed factual background herein.

1

*See* Docket No. 1.  In the operative complaint, Plaintiffs bring claims for breach of contract (assigned direct beneficiary), breach of the implied covenant of good faith and fair dealing, breach of contract (third party beneficiary), violations of the Nevada Unfair Claims Practices Act, and Declaratory Judgment.  Docket No. 35 at ¶¶ 54-115.  The parties are currently before the Court on the ACE Defendants' motion to dismiss parts of the second amended complaint.  Docket No. 39.

**II.  STANDARDS**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the operative complaint as true and construe them in the light most favorable to the nonmoving party.  *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018).  To avoid dismissal, the operative complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the operative complaint must show that there is facial plausibility to the claim.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

**III.  ANALYSIS**

The motion to dismiss seeks relief on three issues:  (1) that the Chubb Defendants must be dismissed because they are not parties to the subject policy; (2) that the Nevada Unfair Claims Practices claim must be dismissed because there is no private cause of action under Nevada Administrative Code 686A and because the factual allegations lack sufficient specificity; and (3) that there is no stand-alone cause of action for declaratory relief.  The Court will address each issue in turn.

A.  <u>Causes of Action Against Chubb Defendants</u>

The ACE Defendants argue that the Chubb Defendants must be dismissed because they are not parties to the subject policy.  Docket No. 39 at 6-7; *see also* Docket No. 41 at 6-7.  Plaintiffs

2

argue that the Chubb Defendants are properly named under the joint venture exception. Docket No. 40 at 4-6.

Generally, "no one is liable upon a contract except those who are parties to it." *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998) (per curiam), *as amended* (Feb. 19, 1999) (quotation omitted). "However, according to a well-established exception to this general rule, where a claims administrator is engaged in a joint venture with an insurer, the administrator may be held liable for its bad faith in handling the insured's claim, even though the organization is not technically a party to the insurance policy." *Id.* (quotation omitted). Evidence of a joint venture may include that the administrator "developed promotional material, issued policies, billed and collected premiums, paid and adjudicated claims, . . . assisted [the insurer] in the development of [policy language]," and shared in the insurer's profits. *Id.*; *see also Iovino v. Amtrust Fin. Servs., Inc.*, 2023 WL 5628429, at *5 (D. Nev. Aug. 30, 2023).

The Court agrees with Plaintiffs that facial absence from a policy does not automatically render an entity immune from later suit arising out of that policy. *Wohlers*, 969 P.2d at 959. On the other hand, the Court agrees with the ACE Defendants that sufficient allegations have not been pled showing that the Chubb Defendants are amenable to suit under that exception. The overriding problem with Plaintiffs' position is that their briefing addresses the connection between Enterprise and "the ACE Defendants" without specification as to each of the pertinent entities, *see* Docket No. 40 at 6, and the operative complaint also lumps various defendants together, *see, e.g.*, Docket No. 35 at ¶ 9. Rule 8 requires sufficient allegations be pled against each defendant. *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)); *see also Central Tel. Co. v. K&N Gen. Constr., Inc.*, 2023 WL 9035279, at *3 (D. Nev. Dec. 29, 2023). Plaintiffs have not sufficiently explained how each of the Chubb entities they have sued are amenable to suit.

Accordingly, the motion to dismiss will be granted as to this issue.

B.   Cause of Action Under the Unfair Claims Practices Act

The ACE Defendants argue that the fourth cause of action (for unfair claims practices) must be dismissed because it relies in part on an administrative code provision and does not plead

fraud with specificity.  Docket No. 39 at 7-8; *see also* Docket No. 41 at 3-6.  Plaintiffs argue that the complaint properly identifies administrative violations in support of the claim and that the allegations are sufficiently specific.  Docket No. 40 at 7-9.

With respect to the first argument regarding allegations involving the administrative code, the Court agrees with Plaintiffs that dismissal of this claim is not warranted.  This cause of action is not based solely on an alleged violation of the administrative code, and no meaningful explanation has been advanced as to why a cause of action can be dismissed based on additional allegations of administrative code violations.  *Compare Yoon v. Travelers Indem. Co.*, 2021 WL 1968279, at *3 (D. Nev. May 17, 2021) (addressing unopposed argument that the administrative code references were improper and then dismissing the cause of action under the Unfair Claims Practices Act because sufficient factual allegations had not otherwise been pled to support the claim).[4]  The ACE Defendants appear at times instead to be asking to strike reference to the administrative code, *see, e.g.*, Docket No. 39 at 10, but the ACE Defendants have not explained why striking part of the complaint is warranted and do not seek relief under Rule 12(f) of the Federal Rules of Civil Procedure.  The Court declines to dismiss this cause of action on the basis that it references in part an administrative code provision.

With respect to the second argument regarding the pleading standards for malice, oppression, or fraud, the Court agrees with Plaintiffs that dismissal is not warranted.  Many courts within the Ninth Circuit have concluded that the heightened pleading standard established in Rule 9(b) of the Federal Rules of Civil Procedure does not apply to seeking the remedy of punitive damages based on malice, fraud, or oppression.  *See, e.g.*, *Bird v. Globus Med., Inc.*, 2020 WL

---

[4] In another case cited by the ACE Defendants, the court granted summary judgment on causes of action brought expressly under administrative code provisions.  *Fernandez v. State Farm Mut. Auto. Ins. Co.*, 338 F. Supp. 3d 1193, 1201 (D. Nev. 2018) (entering summary judgment because, "instead of pleading a claim for unfair claim practices under NRS 686A.310—as is the widespread and common practice in Nevada because NRS 686A.310 grants a private right of action to redress the unfair claims practices that it describes—[the plaintiff] pleads claims for violations of three provisions of the Nevada Administrative Code").  In this case, however, Plaintiffs bring a claim under the Unfair Claims Practices Act.

5366300, at *7 (E.D. Cal. Sept. 8, 2020) (collecting cases).  The Court agrees with that approach and concludes that dismissal is not warranted here on the basis of non-compliance with Rule 9(b).[5]

Accordingly, the motion to dismiss will be denied as to these issues.

C. Cause of Action for Declaratory Relief

The ACE Defendants argue that the Cause of Action for Declaratory Relief must be dismissed because it is a remedy, not a cause of action, and it is duplicative of the breach of contract claim.  Docket No. 39 at 8-9.  Plaintiffs respond that a stand-alone cause of action exists for declaratory relief pursuant to Nevada law.  Docket No. 40 at 9-10.

Plaintiffs' breach of contract claim seeks relief on the ground that Defendants failed to defend Jiaping and pay the judgment against him.  *See, e.g.*, Docket No. 35 at ¶ 65.  Plaintiffs have not identified any declaration they seek separate and apart from what is already covered by the breach of contract claim.  *See* Docket No. 40 at 9-10.  Declaratory relief claims that are duplicative of a plaintiff's other claims are subject to dismissal.  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).  Courts routinely grant dismissal in such circumstance.  *See Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019); *see also Ballesteros v. Garrison Prop. & Cas. Ins. Co.*, 2023 WL 3169864, at *3 (D. Nev. Apr. 27, 2023) (collecting cases).  The Court will do the same here.[6]

Accordingly, the motion to dismiss will be granted as to this issue.

D. Amendment

Plaintiffs seek an opportunity to further amend their complaint.  Docket No. 40 at 10.  Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  "[A] district court should grant leave to amend even if no request to amend the pleading

---

[5] The ACE Defendants cite to an unpublished Ninth Circuit case from 1995, *e.g.*, Docket No. 39 at 8, but such a memorandum is not citable precedent, Ninth Circuit Rule 36-3(c).

[6] Because the Court is granting the motion to dismiss on duplication ground, it need not reach the alternative argument that declaratory relief can never be a stand-alone cause of action.

was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted). "Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Rosas*, 365 F. Supp. 3d at 1128.

The Court cannot say based on the current circumstances that amendment would be futile. Accordingly, Plaintiffs will be given leave to amend.[7]

**IV.  CONCLUSION**

For the reasons discussed above, the motion to dismiss is **GRANTED** in part and **DENIED** in part.  Any further amended complaint must be filed by March 29, 2024.

IT IS SO ORDERED.

Dated: February 27, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] The Court is mindful that leave to amend has been afforded previously to Plaintiffs, Docket No. 32, and that prior amendments may militate against additional opportunity to amend, *e.g.*, *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).  While the Court is allowing amendment herein, it may be less inclined to do so again.